1  CALDWELL LESLIE & PROCTOR, PC
   ROBYN C. CROWTHER, State Bar No. 193840
2  *crowther@caldwell-leslie.com*
   MICHAEL D. ROTH, State Bar No. 217464
3  *roth@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Plaintiff Nicole, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE, INC., | Case No. CV14-7551 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) Trade Dress Infringement, 15 U.S.C. § 1125(a);** |
| CIELO USA DESIGN GROUP, INC., a California corporation; ITBAG, INC., a California corporation; BAG TOWN, INC., a Florida corporation; FOUR JAY, INC., a Texas corporation; ZONE CHAMP LTD., a Hong Kong limited company; C.I. COMERCIAL IMPERIAL CARIBE S.A.S., a Colombian corporation; FRANCISCO LIM, an individual; and DOES 1 through 10, inclusive, | **(2) California Unfair Competition, Cal. Bus. & Prof. Code § 17200** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

CALDWELL
LESLIE &
PROCTOR

1  Plaintiff NICOLE, INC. ("Nicole Lee"), for its causes of action against
2  Defendants CIELO USA DESIGN GROUP, INC., a California corporation;
3  ITBAG, INC., a California Corporation; BAG TOWN, INC., a Florida corporation;
4  FOUR JAY, INC., a Texas corporation; ZONE CHAMP LTD., a Hong Kong
5  limited company; C.I. COMERCIAL IMPERIAL CARIBE S.A.S., a Colombian
6  corporation; and FRANCISCO LIM, an individual (collectively, "Defendants"),
7  hereby alleges as follows:

## NATURE AND SUMMARY OF ACTION

1. Nicole Lee is a Los Angeles based handbag company. It specializes in creating handbags with unique and fashion forward designs, pushing the envelope in fashion trends. Drawing inspiration from New York's dynamic lifestyle and Los Angeles' casual yet trendy street fashion, Nicole Lee has gained renown for its high-end contemporary bags, which can be found in thousands of boutique shops throughout the United States and abroad.

2. This action arises from Defendants' unlawful copying of Nicole Lee's trade dress, copyrighted artwork, and handbag designs. Under the names Brentano, B Brentano, and Cielo USA, Defendants have manufactured, distributed, and/or sold handbags that are blatant knock-offs of Nicole Lee's protected work. Indeed, on Internet sites, Brentano handbags are even sold to the public with confusing and misleading references to #NicoleLee or "Brand: Nicole Lee."

3. Nicole Lee thus brings this action to protect its valuable rights, to stop Defendants' infringing conduct, and to bring an end to the consumer confusion being caused by the misleading knock offs of its unique and proprietary works.

## PARTIES

4. Plaintiff Nicole, Inc. is a California corporation with its principal place of business at 1133 S. Boyle Ave., Los Angeles, California 90023. Nicole, Inc. owns the trademark "Nicole Lee" and manufactures and sells handbags, jewelry, shoes, and accessories under the brand name Nicole Lee.

5. Plaintiff is informed and believes, and on that bases alleges that Defendant Cielo USA Design Group, Inc. ("CUDGI") is a California corporation with its principal place of business at 3718 E. 26th St., Vernon, California 90058. Upon information and belief, CUDGI owns the brand names Brentano, B Brentano and Cielo USA, and manufactures and sells the infringing handbags that are the subject of this action.

6. Plaintiff is informed and believes, and on that bases alleges that Defendant Itbag, Inc. is a California corporation with its principal place of business at 1214-A S. Main St., Los Angeles, California 90015. Upon information and belief, Itbag, Inc. owns and operates the website NeoHandbags.com and the wholesale store NeoHandbags, and sells infringing handbags that are the subject of this action.

7. Plaintiff is informed and believes, and on that bases alleges that Defendant Bag Town, Inc. is a Florida corporation with its principal place of business at 777 NW 72nd Ave. 2047, Miami, Florida 33126. Upon information and belief, Bag Town, Inc. is a wholesaler of the infringing handbags that are the subject of this action.

8. Plaintiff is informed and believes, and on that bases alleges that Defendant Four Jay, Inc. is a Texas corporation with its principal place of business at 6820 Harwin Dr., Houston, Texas 77036. Upon information and belief, Four Jay, Inc. owns and operates the retail website www.fourjayusa.com that sells infringing handbags that are the subject of this action.

9. Plaintiff is informed and believes, and on that bases alleges that Defendant Francisco Lim ("Lim") is the President and principal owner of Defendant CUDGI. Plaintiff further alleges on information and belief that Lim is the past president or officer of various companies that have been subject to actions for trademark, trade dress, and/or copyright infringement and the willful infringement in this action was done at his control and direction.

10. Plaintiff is informed and believes, and on that bases alleges that Defendant Zone Champ Ltd. is a Hong Kong limited company, with its principal place of business located at Unit 1205-12F Sino Plaza 255 Gloucester Road Causeway Bay, Hong Kong. It has various business relationships with CUDGI, and manufactures and/or distributes the handbags that are the subject of this action.

11. Plaintiff is informed and believes, and on that basis alleges that Defendant C.I. Comercial Imperial Caribe S.A.S. is a Columbian company that imports and distributes the infringing handbags that are the subject of this action.

12. Plaintiff is informed and believes, and on that bases alleges that Defendants DOES 1 through 10 are either entities or individuals who have infringed Plaintiff's intellectual property rights, by manufacturing, selling, or distributing infringing products, or are principals or supervisory employees of entities or individuals who have infringed Plaintiff's intellectual property rights, by manufacturing, selling, or distributing infringing products. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues these DOE defendants by fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when they have been ascertained.

13. Plaintiff is informed and believes, and on that bases alleges that at all relevant times each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of the agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1338(a), 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

15. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b)(2), (c)(3), and 1400(a), in that Defendants CUDGI, Lim, and ItBag reside in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## FACTUAL ALLEGATIONS

16. Nicole Lee is a manufacturer of originally designed handbags, jewelry, shoes, and accessories. Its signature line of handbags is instantly recognizable and can be found in boutique shops throughout the United States and in foreign cities known for their fashion, such as Paris, Tokyo, Madrid, and Barcelona.

17. Nicole Lee holds various copyrights related to the artwork and features of its handbags, including:

| **Registration** | **Common Name** |
| --- | --- |
| Copyright VA 1-845-595 (Ex. A) | Dolly Design |
| Copyright VA 1-815-902 (Ex. B) | Clock Tower Design |
|  | Telephone Booth Design |
| Copyright VA 1-879-233 (Ex. C) | Sandra Design |
| Copyright VA 1-879-567 (Ex. D) | Pyramid Lock |
| Copyright VA 1-870-054 (Ex. E) | Lion Design I |
| Copyright VA 1-870-131 (Ex. F) | Lion Design II |
| Copyright Application 1-1754078851 (Ex. G) | Lining |

18. Nicole Lee also holds registered and common law trademarks in the Nicole USA logo and other features of its handbags, including its metal emblems and nameplates:

19. Nicole Lee manufactures and sells a line of handbags utilizing various combinations of its copyrighted works, trademarked logos, nameplates, and distinctive design characteristics (the "NL Designs"). For example, its "Dolly" design is utilized on business totes, satchels, handbags, and wallets, and variously combines the Dolly copyright with Nicole Lee's other design characteristics:

20. For many years, Nicole Lee has been marketing, distributing, offering for sale and selling products bearing its distinctive NL Designs on handbags.

21. In or about 2013, representatives from Nicole Lee were at a trade show and viewed products at a booth by CUDGI. The Nicole Lee representatives noticed that some of the products were substantially similar to Nicole Lee's recent designs.

22. Since that time, CUDGI has escalated its conduct and copied and combined various elements of Nicole Lee's designs, asserting CUDGI was producing authentic original handbags, when in fact, CUDGI was unlawfully copying Nicole Lee handbags and trading off the Nicole Lee name and reputation.

23. For example, CUDGI manufactured and sold a handbag that is substantially similar to the Dolly bags above (the "Dolly Infringement"):



24. The Dolly Infringement contains the words www.BellaJoule.net on the bag. An Internet search for www.bellajoule.net directs consumers to an eBay sales site where the Dolly Infringement is offered for sale side-by-side with genuine Nicole Lee bags, and a customer who clicks on the image of the Dolly Infringement is directed to a page where the brand of the bag is listed as "Nicole Lee." On the Bella Joule pinterest website, the Dolly Infringement is displayed with references to #NicoleLee #Handbag.

25. CUDGI's handbags are of an inferior quality to authentic Nicole Lee bags and CUDGI handbags sell for significantly less than authentic Nicole Lee bags.

26. On or about August 13, 2014, a representative of Nicole Lee entered a NeoHandbag store in downtown Los Angeles and purchased numerous handbags manufactured by CUDGI and labeled as "Brentano" that are copies of Nicole Lee handbags.

27. Nicole Lee is informed and believes, and on that basis alleges that CUDGI has access to Nicole Lee's entire upcoming line of handbags and has already manufactured and is preparing to distribute its own line of infringing bags.

## TRADE DRESS INFRINGEMENT

28. The NL Designs, including without limitation the total image and appearance reflected in such features as the size, shape, color or color combinations, product design, texture, and selection and arrangement of materials and accessories, are distinctive and nonfunctional (the "NL Trade Dress").

29. The NL Trade Dress of the NL Designs additionally consists of, but is not limited to, using a combination of (1) An artistic depiction of a stylish woman with a doll-like face; and (2) two or more of the other following elements associated with Nicole Lee:

    a. A foreign cityscape or leopard print background;

    b. A rectangular nameplate with rounded ends and the brand name written in red (often placed on leather background);

  c. A pyramid-shaped lock with the brand name in red;

  d. Leather trim with studs;

  e. Faux animal print around zippers, on trim, on buckles, or as adornment;

  f. A circular logo, consisting of an outer and inner circle, with initials and/or the brand name (often printed on the handbag and/or displayed on a vellum hang tag);

  g. Beige lining with small graphics and brand name in the following design: line drawings of objects, dessert food items, coffee drinks, handbags and other accessories; interspersed with the brand name in various fonts; and with the images and name highlighted intermittently with red and blue accents; and

  h. The face of a lion.

30. The appearance, nature, and mood of the NL Trade Dress found in the NL Designs are of such an unusual design that a customer would immediately rely on them to ascertain the source of the product.

31. The NL Trade Dress and NL Designs and Nicole Lee's advertising are readily available to the public on Nicole Lee's online website, on third-party websites, in catalogues, in magazines and other marketing outlets, and at trade shows.

32. Nicole Lee has expended substantial time and energy in developing its line into a widely recognized unique brand of handbags with substantial goodwill and a worldwide client base. Nicole Lee's original works and NL Designs have been featured in popular and influential fashion magazines including but not limited to *Allure*, *Lucky*, *Glamour*, *Cosmopolitan*, *O*, *People*, and *Fashion*. They have also been displayed at numerous tradeshows and runway shows, and have been affiliated with the popular television program *Dancing With The Stars*.

33. Based on the sales and marketing of the NL Designs, the NL Trade Dress has developed a secondary meaning and significance in the minds of the purchasing public, and the NL Designs, and NL Trade Dress are immediately identified by the public with Nicole Lee.

34. Nicole Lee is informed and believes, and on that basis alleges that Defendants have infringed, are infringing, and unless stopped will continue to infringe the NL Trade Dress by advertising, distributing, selling, and/or offering for sale unauthorized products that bear trade dress that unlawfully copies or imitates the unique, distinctive, and non-functional trade dress of the NL Designs.

35. In fact, Defendants have systematically copied and combined the elements of the NL Trade Dress in a manner that has interfered with Nicole Lee's business model and effectively copied Nicole Lee's entire line.

36. A simple comparison of the NL Designs and Defendants' infringing products (the "Infringing Designs") demonstrates the confusion being created in the marketplace by CUDGI's confusingly similar handbags:

| **NL Design** | **Infringing Design** |
|---|---|
| Copyright VA 1-845-595 (Dolly Design) | |
| [image of handbag] | [image of handbag] |
| Copyright VA 1-815-902 (Telephone Booth Design) | |
| [image of handbag] | [image of handbag] |

CALDWELL LESLIE & PROCTOR

-8-

| NL Design | Infringing Design |
|---|---|
| Copyright VA 1-879-233 (Sandra Design) | |
| Copyright VA 1-870-054 (Lion Design 1) <br><br> Copyright VA 1-870-131 (Lion Design 2) | |
| Copyright Application 1-1754078851 (Lining) | |

37.     Nicole Lee is informed and believes, and on that basis alleges that Defendants have, are, and will continue to advertise, distribute, sell, and/or offer for sale their unauthorized products in this judicial district and throughout the United States.

38.     Defendants' manufacture, distribution, advertisement, offer for sale, and sale of Defendants' products bearing the NL Trade Dress was not authorized or approved by Nicole Lee.

39.     Defendants' use of a copy or colorable imitation of the NL Designs and NL Trade Dress has been without Nicole Lee's consent, is likely to cause confusion and mistake in the minds of the purchasing public, and has damaged and is

damaging Nicole Lee's valuable intellectual property rights by creating the false impression that Defendants and/or Defendants' Infringing Designs are authentic NL Designs, or are authorized, sponsored, or approved by Nicole Lee, when in fact, they are not.

40. Nicole Lee is informed and believes, and on that basis alleges that Defendants' conduct alleged herein constitutes willful and intentional infringement of the NL Trade Dress and is in total disregard of Nicole Lee's rights.

## **DEFENDANTS' WILLFUL VIOLATIONS OF INTELLECTUAL PROPERTY RIGHTS**

41. Defendant CUDGI is the current iteration of companies whose business models are based upon the willful infringement of intellectual property rights.

42. Defendants have a long history of participation in the handbag and apparel business. They have been found to have infringed intellectual property in the past, and have asserted their own intellectual property rights against other entities as well. They clearly understand intellectual property laws and are willfully violating Plaintiff's rights.

43. Plaintiff is informed and believes, and on that basis alleges, that in 2001, an individual named Mi Seon Lim founded a company called Cielo Creations, Inc. which was incorporated in Florida. Defendant Francisco Lim was secretary of that entity. Cielo Creations, Inc. purportedly imported handbags and other products from China supplied by Defendant Zone Champ, Ltd.

44. It appears that CUDGI is the successor (and, indeed, the same individuals) as Cielo Creations, Inc. Plaintiff is informed and believes that, in 2004, a company named "Brentano Handbags, Inc." transferred several trademark registrations and applications to Cielo Creations, Inc., several of which were assigned to CUDGI in 2013. Additionally, in March 2010, Defendant Francisco Lim assigned a patent application and utility patent to Cielo Creations, Inc.

45. Defendant Francisco Lim is currently the former secretary of Cielo Creations, Inc. He is also the former President of an inactive California corporation named "Bbrentano, Trading, Inc."

46. These predecessor entities have substantial experience prosecuting trademark applications and defending against accusations that they have or will create confusion and/or infringe others' rights. According to the records of the Trademark Trials and Appeals Board (the "TTAB"), Brentano Handbags, Inc. and Cielo Creations, Inc. attempted to register trademarks that were opposed by such well-known companies as Brooks Brothers and Dooney & Bourke as confusingly similar to those famous marks. In at least three instances where an opposition was filed with the TTAB, Brentano Handbags, Inc. and/or Cielo Creations, Inc. never responded and default was entered against them sustaining the objection.

47. On June 1, 2001, Brentano Handbags, Inc., and its purported sole officer, director and Registered Agent Intaik Lim, were sued for patent infringement by Randolph-Rand Corporation based on the use of magnetic lock closures on handbags. The case was apparently settled in March 2002

48. On June 2, 2010, Coach Services, Inc., the manufacturer and seller of high-end "Coach" handbags and accessories sued Cielo Creations, Inc., Mi Seon Lim and Zone Champ Limited based on Cielo Creations, Inc.'s sale of handbags and wallets that infringed the Coach trademarks and copyrights. *Coach Services, Inc. v. Cielo Creations, Inc.*, Case No. 2:10-cv-04108-GAF-E (C.D. Cal. June 2, 2010). On August 16, 2011, Coach Services, Inc. obtained partial summary judgment against Cielo Creations, Inc. and Mi Seon Lim finding both trademark and copyright infringement. In denying permanent injunctive relief as moot, the court noted that Cielo Creations, Inc. had reportedly gone out of business as of December 2010.

49. Additionally, Cielo Creations, Inc., and Defendant Zone Champ Ltd. have filed lawsuits alleging counterfeiting and trademark infringement in this

1 District and the Central District of California further demonstrating their
2 understanding of the rights protected by law.

3     50. With full knowledge that Plaintiff's works include protected
4 intellectual property, Defendants have copied Plaintiff's protected trade dress and
5 copyrights and have damaged Nicole Lee in an amount to be proved at trial, but
6 believed to be in excess of $5,000,000.00.

## FIRST CLAIM FOR RELIEF

(Trade Dress Infringement Against all Defendants)

9     51. Plaintiff incorporates by reference each and every allegation contained
10 in paragraphs 1 through 50 above.

11     52. The NL Trade Dress, as described above, is nonfunctional.

12     53. For many years, Nicole Lee has used the NL Trade Dress in interstate
13 commerce to identify the source of its products, and in particular, the NL Designs,
14 and to distinguish its products from others by prominently displaying the NL Trade
15 Dress in advertising, promotional literature, and on display materials. Through this
16 extended use and association, the NL Trade Dress has acquired a strong consumer
17 awareness and secondary meaning.

18     54. Nicole Lee is informed and believes, and on that basis alleges that
19 commencing at some time unknown to Nicole Lee, and without Nicole Lee's
20 consent, Defendants have manufactured, advertised, offered for sale, and have
21 engaged in the sale and distribution of products bearing the NL Trade Dress, and
22 have marketed products confusingly similar to the NL Designs and have profited
23 from their conduct.

24     55. Defendants' products are substantially indistinguishable from and a
25 blatant and obvious imitation of the NL Trade Dress. The NL Trade Dress and the
26 appearance of Defendants' handbags, create the same general overall impression
27 and have the same "look and feel."

28


...


56. Nicole Lee is informed and believes, and on that basis alleges that the similarities between the NL Trade Dress and the appearance of Defendants' products are not a mere coincidence, and the Infringing Products were designed intentionally to mimic the NL Trade Dress and NL Designs, with the intention to create the false impression that Defendants' products are associated with and emanate from Nicole Lee.

57. Defendants have without permission, willfully, and with the intention of benefiting from the reputation and good will of Nicole Lee, imitated *inter alia* the shape, coloring, font, size, style, layout, design, and appearance of the NL Trade Dress elements.

58. There is thus a substantial likelihood of confusion to consumers between the NL Trade Dress and NL Designs, on the one hand; and Defendant's products and advertising, on the other hand. As a consequence, Defendants' Infringing Products are likely to deceive and divert customers away from Nicole Lee's genuine products.

59. Defendants' conduct constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). As a direct and proximate result of the willful and wanton conduct of Defendants, Nicole Lee has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from infringing the NL Trade Dress.

60. Nicole Lee has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

61. Nicole Lee is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## SECOND CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code §§ 17200, *et seq*., Against All Defendants)

62. Nicole Lee repeats and realleges each and every allegation contained in paragraphs 1 through 61 above as if fully set forth herein.

63. California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq*., prohibits any unlawful, unfair, or fraudulent business act or practice.

64. Through Nicole Lee's extensive use of its copyrights, trademarks, and designs, its NL Trade Dress has become famous and well-known indicators of the origin and quality of goods sold by Nicole Lee.

65. Defendants have used and are using the Infringing Trade Dress in connection with the advertising and selling of goods in an unlawful, unfair and fraudulent manner so as to create a likelihood of confusion among prospective purchasers as to the source of goods, which have damaged, impaired, and diluted the goodwill of Nicole Lee and caused immediate and irreparable damages.

66. The aforesaid conduct of Defendants constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

67. Defendants' conduct is causing immediate and irreparable injury to Nicole Lee and will continue both to damage Nicole Lee and deceive the public until enjoined by this Court. Nicole Lee has no adequate remedy at law.

68. Upon information and belief, Defendants have received substantial revenues and substantial profits arising out of their acts of unfair competition to which they are not entitled, and Nicole Lee has also suffered an injury in fact, and lost money or property as a result of Defendants' acts of unfair competition, for which Defendants are responsible.

69. Defendants unlawful, unfair and fraudulent business acts or practices, entitle Nicole Lee to the remedies available under the UCL, including injunctive relief, restitution, and such other and further relief as the Court may deem proper.

# PRAYER FOR RELIEF

WHEREFORE, Nicole Lee respectfully requests that the Court enter judgment against Defendants as follows:

1. Directing that Defendants, their officers, directors, agents, representative, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from infringing the NL Trade Dress in any manner;

2. That Nicole Lee be awarded all damages it has sustained or will sustain by reason of Defendants' acts of trade dress infringement, and that such sums be trebled pursuant to 15 U.S.C. § 1117;

3. That Nicole Lee be awarded all of Defendants' profits from its acts and omissions as alleged above, according to proof at trial;

4. That Nicole Lee be awarded full and complete restitution, including of Defendants' profits that are recoverable under Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

5. That Nicole Lee be awarded exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

6. That Nicole Lee be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) or as may otherwise be awardable;

7. That Nicole Lee be awarded the costs of this action and pre-judgment interest as allowed by law; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

CALDWELL
LESLIE &
PROCTOR

1     8.     That Nicole Lee be awarded any other and further relief as this Court deems just and proper.

DATED: September 29, 2014     CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
MICHAEL D. ROTH

By    /s/ Robyn C. Crowther
    ROBYN C. CROWTHER
Attorneys for Plaintiff Nicole, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Nicole, Inc. hereby demands a trial by jury in this matter.

DATED: September 29, 2014    CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
MICHAEL D. ROTH


By     /s/ Robyn C. Crowther
      ROBYN C. CROWTHER
Attorneys for Plaintiff Nicole, Inc.