CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
  *crowther@caldwell-leslie.com*
MICHAEL D. ROTH, State Bar No. 217464
  *roth@caldwell-leslie.com*
KIMBERLY M. SINGER, State Bar No. 279883
  *singer@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

E-FILED 2/9/15
JS-6

Attorneys for NICOLE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIELO USA DESIGN GROUP, INC., et al. <br><br> Defendants. | Case No. CV14-7551 PSG(PLAx) <br><br> **[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION** <br><br> **[Stipulation for Entry of Final Judgment and Permanent Injunction filed concurrently herewith]** <br><br> The Honorable Philip S. Gutierrez |

CALDWELL
LESLIE &
PROCTOR

# JUDGMENT

The Court, having read and considered the Stipulation for Entry of Final Judgment and Permanent Injunction that has been executed by Plaintiff Nicole, Inc. ("Nicole Lee") and Defendant Cielo USA Design Group, Inc. (also "Defendant" or "Cielo USA") in this action, and good cause appearing therefore, hereby ORDERS that final judgment shall be and is hereby entered in this action as follows:

(A) Judgment is hereby entered in favor of Plaintiff Nicole, Inc. and against Defendant Cielo USA Design Group, Inc. on Plaintiff's claims for trade dress infringement and violation of California Business & Professions Code § 17200;

(B) Plaintiff Nicole, Inc. and Defendant Cielo USA Design Group, Inc. shall each bear their own attorneys' fees and costs in this action; and

(C) For good cause shown, the Court hereby enters a Permanent Injunction as follows:

# PERMANENT INJUNCTION

Defendant Cielo USA Design Group, Inc., and its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including but not limited to Francisco Lim, are hereby immediately enjoined from:

1. manufacturing or selling in any territory, handbags or any related goods or services that contain a combination of:

    a. an artistic depiction of a stylish woman; and
    b. two or more of the other following elements associated with Nicole Lee:
        i. A foreign cityscape or leopard print background;
        ii. A rectangular nameplate with rounded ends and the brand name written in red (which may be placed on leather background);
        iii. A pyramid-shaped lock with the brand name in red;

      iv.  Leather trim with studs;

      v.  Faux animal print around zippers, on trim, on buckles, or as adornment;

      vi.  A circular logo, consisting of an outer and inner circle, with initials and/or the brand name (which may be printed on the handbag and/or displayed on a vellum hang tag);

      vii.  Beige lining with small graphics and brand name in the following design: line drawings of objects, dessert food items, coffee drinks, handbags and other accessories; interspersed with the brand name in various fonts; and with the images and name highlighted intermittently with red and blue accents; and

      viii.  The face of a lion.

2. making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods and services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Nicole Lee;

3. manufacturing, distributing, or selling in any territory, any of the handbags depicted in Exhibit A hereto;

4. manufacturing, distributing, or selling in any territory, any of the handbags (or any other merchandise utilizing the images) depicted in the Posters and Catalogs attached as Exhibit B hereto;

5. manufacturing, distributing, or selling in any territory, any of the handbags or other merchandise listed in the Schedule attached as Exhibit C hereto;

6. manufacturing, distributing, or selling in any territory any merchandise utilizing, the lining depicted in Exhibit D hereto;

CALDWELL
LESLIE &
PROCTOR

-2-

      7. manufacturing, distributing, selling in any territory, or otherwise using, a pink dust bag that in any manner resembles the dust bag depicted in Exhibit E hereto;

      8. manufacturing, distributing, selling in any territory, or otherwise using, tissue paper that in any manner resembles the tissue paper depicted in Exhibit F hereto;

      9. aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (1) through (8) above; and

      10. to the extent they are within Defendant's possession, custody, or control, Defendant shall deliver to counsel for Nicole Lee all copies of each of the handbags depicted in Exhibit A; any merchandise bearing the images depicted in Exhibit B; all merchandise listed in the Schedule at Exhibit C; any lining depicted in Exhibit D; each of the dust bags depicted in Exhibit E; and all of the tissue paper depicted in Exhibit F.

(D)  The Permanent Injunction shall be effective without the posting of any bond or undertaking by Plaintiff Nicole, Inc.

(E)  Notwithstanding the subsequent dismissal of the remainder of this Action by Plaintiff, the Court shall retain continuing jurisdiction over the Parties and the Action for purposes of modifying or enforcing this Permanent Injunction and/or enforcing the Parties' settlement agreement.

**IT IS SO ORDERED.**

Dated: 2/9/15

The Honorable Philip S. Gutierrez
Judge, United States District Court

CALDWELL
LESLIE &
PROCTOR

-3-